## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| STEVEN OLIVA,<br>　　　　　　Appellant,<br><br>　　　　v.<br><br>DEPARTMENT OF VETERANS<br>　　AFFAIRS,<br>　　　　　　Agency. | DOCKET NUMBER<br>DA-0752-16-0338-I-1<br><br><br>DATE: June 22, 2023 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Steven Oliva</u>, Fair Oaks Ranch, Texas, pro se.

<u>Joan M. Green</u>, Esquire, Oklahoma City, Oklahoma, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

### FINAL ORDER

¶1　　The appellant has filed a petition for review of the initial decision, which sustained his removal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2        In addition to his petition for review, the appellant submitted a separate pleading with documents he characterized as new and material evidence. Petition for Review (PFR) File, Tabs 1, 5, 6, 8.[2] The agency has filed a response. PFR File, Tab 10. The appellant has replied.[3] PFR File, Tab 11.

¶3        On review, the appellant challenges the administrative judge's findings on the charge and on his affirmative defenses. PFR File, Tab 1. We discern no basis for disturbing the administrative judge's well-reasoned findings regarding the charge or the appellant's affirmative defenses of discrimination and equal

---

[2] The appellant requested leave to supplement his petition for review by further identifying pertinent evidence already in the record, PFR File, Tab 5 at 3, but the Clerk denied that request, PFR File, Tab 6. The appellant requested reconsideration, PFR File, Tab 7, but the Clerk once again denied the request, PFR File, Tab 9.

[3] After his reply, the appellant submitted yet another request to supplement the record, this time with the initial decision from a separate appeal. PFR File, Tab 12. That decision need not be made part of the record in this appeal for us to consider it. *See* 5 C.F.R. § 1201.64 (providing that an administrative judge may take official notice of matters that can be verified). Therefore, we deny the appellant's motion. The appellant also filed a motion to join this appeal with two others he filed "because they all deal with one [administrative judge] and her abuse of discretion, bias, and misapplication of law." PFR File, Tab 15. That motion is similarly denied. *See* 5 C.F.R. § 1201.36 (discussing when an administrative judge may join cases).

employment opportunity (EEO) reprisal.[4]  As further explained below, we also agree that the appellant failed to establish his affirmative defenses of whistleblower reprisal and harmful error.

The appellant failed to prove his whistleblower retaliation claim.

¶4    In an affirmative defense of whistleblower retaliation, an appellant must first prove by preponderant evidence that he made a disclosure protected by 5 U.S.C. § 2302(b)(8) or engaged in activity protected by 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  *See Shibuya v. Department of Agriculture*, 119 M.S.P.R. 537, ¶ 19 (2013) (describing burden shifting in the context of a disclosure protected by section 2302(b)(8)); *see also Alarid v. Department of the Army*, 122 M.S.P.R. 600, ¶ 12 (2015) (recognizing that, after the Whistleblower Protection Enforcement Act of 2012's enactment, the same burden-shifting scheme applies in the context of activities protected by section 2302(b)(9)(A)(i), (B), (C), or (D)).  He also must prove that the protected disclosure or activity was a contributing factor in the challenged personnel action.  *Alarid*, 122 M.S.P.R. 600, ¶ 13.

¶5    If an appellant meets his burden, the burden shifts to the agency to prove by clear and convincing evidence that it would have taken the same action in the absence of the appellant's protected disclosures or activity.  *Id.*, ¶ 14.  In determining whether the agency has met this burden, the Board will consider all the relevant factors, including the following:  (1) the strength of the agency's evidence in support of its action; (2) the existence and strength of any motive to retaliate on the part of the agency officials involved in the decision; and (3) any

---

[4] With respect to appellant's affirmative defenses of discrimination and EEO reprisal, we agree with the administrative judge's findings that the appellant failed to prove that either was a motivating factor in the removal action.  We need not reach whether the appellant proved that either discrimination or EEO reprisal were a but-for cause of the removal.  *See Pridgen v. Office of Management and Budget*, 2022 MSPB 31.  We also agree with the administrative judge that the appellant failed to prove his other affirmative defenses.

evidence that the agency takes similar actions against employees who did not engage in such protected activity, but who are otherwise similarly situated. *Carr v. Social Security Administration*, 185 F.3d 1318, 1323 (Fed. Cir. 1999). The Federal Circuit has explained that "[e]vidence only clearly and convincingly supports a conclusion when it does so in the aggregate considering all the pertinent evidence in the record, and despite the evidence that fairly detracts from that conclusion." *Whitmore v. Department of Labor*, 680 F.3d 1353, 1368 (Fed. Cir. 2012).

¶6      Below, the administrative judge applied the burden-shifting scheme described above. She found that the appellant failed to prove that he made any protected disclosures, but did establish that he had engaged in activity protected by 5 U.S.C. § 2302(b)(9)(A)(i) by filing two individual right of action (IRA) appeals. Initial Appeal File (IAF), Tab 39, Initial Decision (ID) at 35-39. She further found that the appellant established that this protected activity was a contributing factor to his removal because those IRA appeals were pending when the agency removed him. ID at 39. Nevertheless, upon shifting the burden, the administrative judge found that the agency met its burden of proving that it would have taken the same action in the absence of the appellant's protected activity. ID at 39-42.

¶7      On review, the appellant appears to argue that his whistleblowing set in motion a series of events that led to the discovery of his misconduct and was, therefore, a motivating factor in his removal. PFR File, Tab 1 at 8. However, he has failed to clearly identify what whistleblowing he is referring to, as he merely identified it as his "January 2015 complaint." *Id.* Moreover, the administrative judge did not deny the appellant's whistleblower retaliation claims on the basis of the motivating factor requirement, so the argument would be unavailing even if it had any merit. *Supra* ¶ 6.

¶8      Separately, the appellant now asserts that the agency perceived him as a whistleblower. PFR File, Tab 1 at 6, 8. He is correct to recognize that the Board

has, at times, found that an individual was entitled to whistleblower protections when he did not actually make protected disclosures but was perceived as having done so. *See, e.g.*, *Holloway v. Department of the Interior*, 82 M.S.P.R. 435, ¶ 15 (1999); *Mausser v. Department of the Army*, 63 M.S.P.R. 41, 44 (1994); *Thompson v. Farm Credit Administration*, 51 M.S.P.R. 569, 581-82 (1991). However, we find no instance of the appellant articulating this legal theory below, so we will not consider it now. *See, e.g.*, IAF, Tab 18 at 13, Tab 34. It is well settled that the Board need not consider arguments submitted for the first time in a petition for review absent a showing that the arguments were not available prior to the close of the record despite due diligence. *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980).

¶9 In connection with this new legal theory, the appellant has requested permission to supplement the record for the instant appeal with a decision he received in a separate Board matter. PFR File, Tab 12 at 4. As a matter of fact, the appellant has pursued several IRA appeals before the Board that involved the same alleged disclosures as that which he asserted in the instant removal appeal, but different alleged personnel actions and legal theories. *See Oliva v. Department of Veterans Affairs*, MSPB Docket No. DA-1221-15-0520-W-1, Initial Appeal File, Tab 52, Initial Decision; *Oliva v. Department of Veterans Affairs*, MSPB Docket No. DA-1221-16-0199-W-1, Initial Appeal File, Tab 31, Initial Decision (0199 ID); *Oliva v. Department of Veterans Affairs*, MSPB Docket No. DA-1221-17-0225-W-1, Initial Appeal File, (0225 IAF), Tab 23, Initial Decision (0225 ID).

¶10 The administrative judge joined the first two IRA appeals and issued a single decision, finding that the appellant failed to meet his burden of proving that he made a protected disclosure.[5] 0199 ID at 6-16. That same administrative

---

[5] Nearly two years after the initial decision for those appeals, the appellant filed a petition for review, which the Board dismissed as untimely. *Oliva v. Department of*

judge later issued the initial decision in this removal appeal in which, as previously discussed, she considered the appellant's earlier IRA appeals as protected activity. ID at 1, 36-39. After the close of record in the instant removal appeal, the appellant filed a third IRA appeal alleging that, inter alia, he was a perceived whistleblower. *E.g.*, 0225 IAF, Tab 7 at 3, Tab 14 at 1. After the initial decision was issued in the instant removal appeal and while it was pending our review, a different administrative judge granted corrective action in that third IRA appeal on the basis that the appellant was a perceived whistleblower.[6] 0225 ID at 6-9, 23.

¶11 While we have reviewed the decisions from each of these IRA appeals, we find no basis for concluding that they require a different result in this removal appeal. As stated above, the Board will not consider the appellant's new legal theory that he was a perceived whistleblower because he failed to present it below, even if that new legal theory was successful in a separate appeal.[7]

¶12 As a final matter regarding the whistleblower retaliation claims, the appellant has submitted certain evidence for the first time on review. PFR File, Tab 8. Under 5 C.F.R. § 1201.115, the Board generally will not consider evidence submitted for the first time on review absent a showing that it was unavailable before the record was closed despite the party's due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980). To constitute new evidence, the information contained in the documents, not just the documents themselves, must have been unavailable despite due diligence when the record

---

*Veterans Affairs*, MSPB Docket No. DA-1221-15-0520-W-1, Final Order (May 5, 2023).

[6] The appellant filed a fourth IRA appeal, but the parties settled that matter. *Oliva v. Department of Veterans Affairs*, MSPB Docket No. DA-1221-18-0437-W-1, Initial Appeal File (0437 IAF), Tab 52, Initial Decision. The associated settlement agreement explicitly provided that the agreement did not preclude the appellant from continuing to pursue his petition for review in the instant appeal. 0437 IAF, Tab 51 at 6.

[7] Because the agency did not file a petition for review in the appellant's third IRA appeal, the initial decision in that appeal is now final.

closed.  5 C.F.R. § 1201.115(d).  Further, to satisfy the "new and material evidence" criterion for granting a petition for review, the new evidentiary submission must be of sufficient weight to warrant an outcome different from that ordered by the administrative judge.  *Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980).

¶13     The appellant has not satisfied the aforementioned requirements for his newly submitted evidence.  The evidence includes a recent article describing his Director and several other agency officials as being under administrative investigation, seemingly because of some other individual's whistleblowing, but we find this evidence immaterial to the appellant's whistleblowing claim or this appeal, generally.  PFR File, Tab 8 at 4-7.  The appellant's newly submitted evidence also includes affidavits that are dated after the close of record below, which he describes as relevant to his whistleblower claim.  *Id.* at 8-9.  But the information contained in these documents is not new, and the appellant has not established its materiality.  *See* 5 C.F.R. § 1201.115(d) (explaining that, to constitute new evidence on review, the information contained in the documents that a party submits, and not just the documents themselves, must have been unavailable when the record closed below).  The remaining evidence submitted on review, which apparently involves matters other than the appellant's whistleblower affirmative defense, is unavailing for the same reasons.  PFR File, Tab 8 at 10-18.

The appellant failed to prove his harmful procedural error claim.

¶14     The Board will reverse a removal action if an appellant shows that the agency committed a harmful procedural error.  5 U.S.C. § 7701(c)(2)(A); 5 C.F.R. § 1201.56(c)(1).  A harmful error is one that is likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error.  5 C.F.R. § 1201.4(r).

¶15     On review, the appellant reasserts that the agency failed to follow "VHA700," an apparent reference to the agency's handbook for administrative

investigations. PFR File, Tab 1 at 8; IAF, Tab 20 at 120-200. According to the appellant, the agency's Administrative Investigation Board (AIB) did not validate the veracity of witnesses, did not interview his witnesses, and was tainted by individuals with retaliatory animus or conflicts of interest. PFR File, Tab 1 at 8-10. He further argues that the AIB did not adequately or appropriately question him about the matters that the agency ultimately relied on to remove him, and did not provide him with adequate opportunity to participate in the investigation. *Id.* at 9. The administrative judge did not find these arguments persuasive, and we do not either. ID at 43-44.

¶16    Although the appellant has referred to the agency's administrative investigation handbook, generally, he has failed to identify any specific provision within that handbook that the agency may have violated. PFR File, Tabs 8-10. Moreover, while the appellant is essentially arguing that the agency would not have concluded that he engaged in misconduct if the AIB had taken additional investigatory measures, that contention is not persuasive in light of the agency proving its case, here, before the Board. *Cf. Simmons v. Department of the Air Force*, 99 M.S.P.R. 28, ¶¶ 34-35 (2005) (finding unpersuasive an appellant's speculation as to what he might have said during an agency's investigation absent the agency's alleged error, and reasoning that the appellant's hearing testimony was consistent with what he stated during the investigation), *aff'd per curiam sub nom. Gebhart v. Department of the Air Force*, 186 F. App'x 996 (Fed. Cir. 2006). Accordingly, we find no basis for disturbing the administrative judge's well-reasoned findings for the appellant's harmful error claims.

The administrative judge properly addressed the agency's chosen penalty.

¶17    Among those factors that an agency should consider in determining the appropriate penalty for an employee's misconduct is his length of service. *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981). In what appears to be one final argument on review, the appellant summarily asserts that the administrative judge and deciding official both erred in failing to

acknowledge his "30-year Federal career." PFR File, Tab 1 at 10. However, this argument appears to misstate his prior service. The record includes a sworn statement wherein the appellant explained that he worked for the agency between 2000 and 2004, then worked in the private sector for approximately 9 years before he returned to the agency in 2012, where he remained until his 2016 removal. IAF, Tab 11 at 503. He testified similarly at the Board hearing. Hearing Compact Disc, Day 2 (testimony of the appellant). Notes from the appellant's oral response to the proposed removal also indicate that during his reply, he "went over his professional career to include his military experience which spanned 30 years between private and public organizations." IAF, Tab 11 at 26.

¶18        Moreover, the record shows that both the deciding official and administrative judge considered the appellant's prior service, even if neither described it in the way he may have preferred. The deciding official completed a penalty selection worksheet in which he specifically stated that he considered "years of service" as a mitigating factor. *Id.* at 22. The administrative judge similarly acknowledged the appellant's "length of service" as a mitigating factor in analyzing the reasonableness of the chosen penalty. ID at 50. Accordingly, we conclude that the appellant has not presented any persuasive basis for disturbing the agency's penalty or the administrative judge's analysis of the same. *See generally Scheffler v. Department of the Army*, 117 M.S.P.R. 499, ¶ 14 (2012) (recognizing that the Board will mitigate a penalty only if the Board finds that the agency did not weigh the relevant factors or that the penalty clearly exceeds the bounds of reasonableness), *aff'd*, 522 F. App'x 913 (Fed. Cir. 2013).

## NOTICE OF APPEAL RIGHTS[8]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[8] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[9]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[9]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                                  /s/ for
                                    _____
                                    Jennifer Everling
                                    Acting Clerk of the Board

Washington, D.C.